IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

M. TODD MAGEE,

    Plaintiff,

v.                                      Civil Action No.: 3:19cv809

CAPITAL ONE FINANCIAL CORPORATION,
  SERVE:     **Registered Agent**
                **Corporation Service Company**
                **100 Shockoe Slip, Floor 2**
                **Richmond, VA  23219**

    Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT

The plaintiff M. Todd Magee ("Magee"), by counsel, submits this Complaint against the defendant Capital One Financial Corporation ("Capital One"), as follows:

### INTRODUCTION

Magee brings this civil action seeking reinstatement and recovery of lost salary and benefits, as well as liquidated damages, and attorney's fees, for being dismissed from employment with Capital One for exercising his rights to medical and family leave, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615(a).

### THE PARTIES

1. Magee resides in Chesterfield County, Virginia. He is eligible for FMLA protection by having worked for Capital One for over 12 months prior to taking leave, and in excess of 1250 hours during those 12 months, pursuant to 29 U.S.C. § 2611(2)(A).

2. Capital One is a corporation engaged in banking and financial services. It maintains offices at 15020 Capital One Drive, Henrico, VA 22238.

3. At all times during the events complained of herein, Capital One was an "employer" as defined in Section 101(4) of the FMLA, 29 U.S.C. § 2611(4).

## JURISDICTION AND VENUE

4. Jurisdiction over plaintiff's claims is based on 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. 2617(a)(2)(private right of action for interference with FMLA rights). Venue is proper in this District as the location of the parties and the events described herein.

## ALLEGATIONS

5. Magee commenced employment with Capital One on July 9, 2014, most recently as a Principal Associate on the Projects Team. His annual salary was approximately $90,000, plus benefits.

6. Magee suffers from cyclothymia, a mental condition characterized by periods of depression and periods of hypomania. He was diagnosed with this condition in 2012. On May 29, 2018, Magee disclosed his condition to Capital One, and he was approved for FMLA leave and short-term disability, allowing him intermittent leave through June 6, 2018.

7. His medical condition required "continuing treatment by a health care provider" and thereby constituted a "serious health condition" as defined under the FMLA, 29 U.S.C. § 2611(11). Since Magee's condition rendered him unable to perform his job duties, he was entitled to medical leave under the FMLA, 29 U.S.C. § 2612(a)(1)(D).

8. During the last several years, Magee has also acted as his ailing father's caregiver. In late November 2018, the hired caregiver for Magee's father abruptly quit, leaving him to fill in on an emergency basis while he searched for a replacement. Soon thereafter, Magee was

involuntarily transferred from the Business Controls Team to the Projects Team. As part of the transfer, Magee was assigned a new manager (Lori Buresh) and a new senior manager (Mary Lynn Sacco). While Magee had performed well in his prior position, he was ill-suited to the new position. He had never done the sort of work expected of him, and whenever he asked for guidance, he was told simply, "Read the email," or "At your level you should be able to figure it out." At other times, Buresh criticized Magee for "not getting it."

9. Magee's father suffered a significant fall in late January, requiring Magee to take a family care leave of absence until his father's death (January 24 – March 11, 2019).

10. Magee's father required "continuing treatment by a health care provider" and thereby constituted a "serious health condition" as defined under the FMLA, 29 U.S.C. § 2611(11). Magee's care for his father rendered him unable to perform his job duties, which entitled Magee to family leave under the FMLA, 29 U.S.C. § 2612(a)(1)(C).

11. Magee attempted to return to work on March 11, 2019 but he quickly resumed medical leave on March 14th due to his depression. Magee returned to work on April 8th. Just three days later, however, on April 11, 2019, Magee received a Coaching Plan from his new manager Buresh. The Plan outlined Magee's purported performance issues, stating he "had excessive unapproved/unscheduled time away that impacted his work output."

12. On April 16, 2019, Buresh sent Magee an email requiring him to coordinate his physician appointments while on the Coaching Plan. Magee brought the issue to the attention of Associate Relations as it interfered with his rights to leave under the FMLA. He also questioned how his performance could be criticized since he had only been at work with the Project Team for a couple of weeks, on account of his leave.

13. On May 1, 2019, Buresh sent Magee an email stating that his performance was on track with the Coaching Plan. Nonetheless, on May 7th, Magee had a telephone conference with Buresh and Sacco that raised more concerns about his work performance. Magee took another medical leave the next day.

14. Magee returned to work the week of May 20, 2019. On May 28th, his Coaching Plan was extended. Magee's managers were engaged in creating a hostile work environment in retaliation for taking his family and medical leaves of absence. He had not been at work for sufficient time in his new unit for his performance to be fairly evaluated, much less criticized and placed on a Coaching Plan. The Coaching Plan itself made clear that Magee was being judged negatively for taking time off for physician appointments.

15. The discrimination and hostility from Buresh were manifest by her steadfast refusal to properly advise Magee. Buresh demonstrated a deliberate intention to cause Magee to "fail" in order to justify his dismissal from employment.

16. On May 29, 2019, the undersigned counsel for Magee sent Capital One a letter complaining that it was discriminating against him for exercising his rights under the FMLA.

17. On August 15, 2019, Magee was placed on a 45-day Performance Improvement Plan ("PIP"). The PIP criticized Magee for complaining that "he has never done this job before" without addressing the fact that the fact that Magee's repeated requests for guidance were refused.

18. On October 16, 2019, soon after Magee concluded the 45-day PIP period, Capital One terminated his employment.

19. Capital One discriminated against Magee by refusing to offer him guidance in the performance of his duties, and wrongfully disciplining him and terminating his employment,

which interfered with the exercise of his rights to take leaves of absence for a serious medical condition, and to care for his ailing father, which leaves are protected from interference under the FMLA, 29 U.S.C. § 2615(a)(1).

20. Capital One further retaliated against Magee for complaining of and opposing discrimination for taking a medical leave of absence, in violation of the anti-retaliation provision of the FMLA. 29 U.S.C. § 2615(a)(2).

21. Magee's termination from employment caused him to incur lost salary and employee-related fringe benefits. He is entitled to reinstatement, his lost salary and benefits, liquidated damages equal to the amount of lost salary and benefits, plus interest and attorney's fees, pursuant to the FMLA, 29 U.S.C. § 2617(a).

## COUNT I
### INTERFERENCE WITH EXERCISE OF FMLA RIGHTS
### 29 U.S.C. § 2615(a)(1)

22. By terminating his employment, Capital One interfered with Magee's exercise of his rights to take family and medical leave under the FMLA, in violation of 29 U.S.C. § 2615(a)(1).

23. Magee's injuries under this Count entitle him under the FMLA, 29 U.S.C. § 2617(a), to reinstatement and an award of damages for (a) lost salary, benefits and other compensation; (b) liquidated damages in an amount equal to his lost salary, benefits and other compensation; (c) attorney's fees; (d) costs of suit; and (e) pre-and post-judgment interest.

## COUNT II
### RETALIATION FOR OPPOSING INTERFERENCE OF FMLA RIGHTS
### 29 U.S.C. § 2615(a)(2)

24. By terminating his employment, Capital One retaliated against Magee for opposing the interference of his FMLA leave rights, in violation of 29 U.S.C. § 2615(a)(2).

25. Magee's injuries under this Count entitle him under the FMLA, 29 U.S.C. § 2617(a), to reinstatement and an award of damages for (a) lost salary, benefits and other compensation; (b) liquidated damages in an amount equal to his lost salary, benefits and other compensation; (c) attorney's fees; (d) costs of suit; and (e) pre-and post-judgment interest.

WHEREFORE, the plaintiff M. Todd Magee demands judgment against the defendant Capital One Financial Corporation, awarding him reinstatement and compensatory and liquidated damages of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees and costs of suit, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

M. TODD MAGEE


By: /s/ Scott G. Crowley
      Counsel

Scott Gregory Crowley (VSB # 31216)
Crowley & Crowley, P.C.
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
Tel.:  (804) 205-5010
Fax: (804) 205-5001
E-mail: scrowley@crowleyandcrowley.com
*Counsel for M. Todd Magee*